Johnson J.
delivered the opinion of the Court.
As preliminary to the grounds of this motion, it may be profitable to inquire whether plaintiffs sueing in the characters of executors are in any, and in what event, liable for costs; for if they are not, an order requiring them to give security for the payment of costs might prove destructive to the aetion, or subject them to other inconveniences, and in the end prove itself a nullity. Costs were unknown to the common law, and a defend *7 ant derives his right to tax costs against the plaintiffs where he is nonsuited, or verdict passed against him from the 23 Hen. 8 c. 15. P. L. 47-8. and 4 Jac. 1. c. 3. P. L. 74. which, in terms, are limited to contracts made with, and wrongs done to the plaintiff. They contain no express reservation in favour of executors and administrators, or‘others sueing in autor droit, nor are they directly included within the description of persons rendered liaable by the terms of these statutes; the contract is not made with, nor the wrong done to them, but those whom they represent. A. testator may leave behind him the most satisfactory evidence of an existing cause of action, when in truth no cause of action exists ; or it may be in the power of the opposite party to shew that there has been satisfaction made and accorded. In that case there is no alternative left to the executor, but to sue and procure the adjudication of a competent tribunal, or to assume the responsibility of shewing it himself upon a final account of his administration. There is then general reason that an executor should not be personally responsible for costs, and the circumstance that in the event of his failing in the prosecution of the suit without his own fault, the estate which he represents is not benefited, and that there is no form of pleading by which it can be ascertained that an executor-plaintiff has assets sufficient to pay costs, furnishes still a better reason why the estate should not be liable for costs, and altogether a perfectly satisfactory clue to the construction which has always been given to those statutes, that an executoi-plaintiff is not liable for costs. See Jamison, Admr. v. Lindsay. 1 Bailey, 79. A different rule obtains where an executor sues on a contract made with himself, or for a wrong done to the estate in his possession; for in those cases he is embraced in the terms of the statutes, nor do any of the reasons for a more favourable interpretation apply. An exception prevails, too, in cases where he has been guilty of wilful default or negligence. As if he knowingly bring a wrong action or suffer judgment of non. pros, or neglects to proceed to trial according to notice; and it has been also held that if he abuse the process of the Court by fraudulently bringing an action when he knows that no cause of action existed, the Court may attach him as for contempt, until the costs are paid. Com. Dig. Costs, A. 7, note n. Day’s Ed. where the eases on this subject are collected. It seems too that a plaintiff is not liable for *8 costs if ho discontinues or enters a noli prosequi, for these costs are nQt provi¿e¿ for jn the statute. Ibid.
It ma3r be laid down'then, as a general rule; that a plaintiff-executor is not liable for costs, and it is not pretended that this plaintiff has as yet incurred any liability. It does not appear that he has committed any fraud, default, or negligence, and it is difficult to conceive how, since the case is at issue, he can hereafter incur any liability. The only case in which he could become liable under the preceding exceptions, is for neglecting to proceed to trial according to notice, and notice of trial Is unknown in our practice. But if it were possible to conceive of an ultimate liability, there are abundant reasons why he should not be required to give security for costs, although he resides out of the State. He is according to the rule- intitled honestly and diligently to pursue the rights of his testator free from that responsibility, and the order that he shall give security orbe nonsuited, is a violation of that right, and in the event of his being unable to give the security, (a case that might happen) would be wholly destructive of the action and the rights of those whom he represents, and that without the least neglect or default on his part. It is then a matter of right, and if it were a matter of discretion the Court would refuse to make such an order.
The order of Fall Term, 1827, was therefore a nullity, but it has had its operation, and no order concerning it is necessary, but the order of Fall Term, 1830, is set aside and reversed.
Motion granted.